# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Scomex, Inc., | ) | Case No. 11-21653-reb |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR SCOMEX, INC.

ALSTON & BIRD LLP
John C. Weitnauer (GA. Bar No. 746550)
kit.weitnauer@alston.com
Heather Byrd Asher (GA. Bar No. 139022)
heather.asher@alston.com
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Counsel for the Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCOVILL FASTENERS INC., *et. al.*, | ) | Case No. 11-21650 (REB) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## GLOBAL NOTES REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### A. General Notes

The Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**SOFAs**") (collectively, the "**Bankruptcy Schedules**") of Scovill Fasteners Inc. ("**Scovill**"), a Delaware corporation, its parent company, Scovill, Inc. ("**Parent**") and Scovill's wholly owned subsidiaries Scomex, Inc. ("**Scomex**"), PCI Group, Inc. ("**PCI**") and Rau Fastener Company, L.L.C. ("**Rau**," and collectively the "**Debtors**") in the above-captioned jointly administered Chapter 11 bankruptcy cases (the "**Bankruptcy Cases**") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtors' management and professionals. On April 19, 2011 (the "**Petition Date**"), the Debtors filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**"), commencing the following cases:

| Debtor Name | Case Number |
|---|---|
| Scovill Fasteners Inc. | 11-21650 |
| Scovill, Inc. | 11-21652 |
| Scomex, Inc. | 11-21653 |
| Rau Fastener Company, L.L.C. | 11-21654 |
| PCI Group, Inc. | 11-21655 |

The financial affairs and businesses of the Debtors are large and complex; therefore, while the Debtors' management and professionals have made every reasonable effort to ensure that the Bankruptcy Schedules are accurate and complete based on the

---

[1] The last four digits of the tax identification number for each of the Debtors follow in parenthesis: (i) Scovill Fasteners, Inc. (9561); (ii) Scovill, Inc. (3634); (iii) PCI Group, Inc. (7672) and Rau Fastener Company, L.L.C. (0883). Scomex, Inc. does not have a taxpayer identification number. The mailing address of the Debtors is 1802 Scovill Drive, Clarkesville, GA 30523-6348.

information available at the time of preparation, the subsequent receipt, discovery, or review of additional information not used in the preparation of the Bankruptcy Schedules may result in material changes to the financial data or other information contained therein. Further, the Bankruptcy Schedules are unaudited and inadvertent errors or omissions may exist. The Debtors reserve all rights to amend the Bankruptcy Schedules in all respects, as may be necessary or appropriate, including, but not limited to the right to dispute or to assert offsets or defenses to any claim reflected in the Bankruptcy Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as disputed, contingent, or unliquidated. These Global Notes Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of the Bankruptcy Schedules.

Inactive Debtors – As of the Petition Date, Scovill was the only Debtor with active operations. Parent has operated solely as the holding company of Scovill. All former operations PCI, Rau and Scomex were brought under the "Scovill" business and virtually all assets were transferred to and, for several years, have appeared on Scovill's books and records. Thus, PCI, Rau and Scomex have no significant assets to account for on the Bankruptcy Schedules. The Debtors reserve all rights to amend the Bankruptcy Schedules in the event that it is later discovered that any assets or liabilities are properly scheduled under a different Debtor.

Causes of Action. The Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Bankruptcy Schedules. The Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Bankruptcy Schedules shall be deemed a waiver of any such causes of action. Moreover, nothing contained in the Bankruptcy Schedules shall constitute a waiver of rights with respect to these Bankruptcy Cases and specifically with respect to any issues involving substantive consolidation, equitable subordination, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws with respect to recovery of assets or avoidance of transfers.

Claims Description. Any failure to designate a claim on the Bankruptcy Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim is not disputed, contingent, or unliquidated. The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on the Bankruptcy Schedules as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as disputed, contingent, or unliquidated by filing and serving an appropriate amendment.

Claims Paid Pursuant to Court Orders. The Bankruptcy Court authorized the Debtors to pay various prepetition claims, including claims of employees and claims relating to certain employee benefits. Consequently, certain prepetition, fixed, liquidated, and undisputed, unsecured claims have been paid as of the date of the filing of the Bankruptcy Schedules. Accordingly, the actual unpaid claims of creditors that may be

- 2 -

allowed in these cases may differ from the amounts set forth in the Bankruptcy Schedules.

Dates.  The Debtors' management and professionals made every reasonable effort to include in the Bankruptcy Schedules data effective as of the Petition Date.  To close the books and records of the Debtors as of the Petition Date, the Debtors' management was required to make estimates and assumptions that affect the reported amounts of assets and liabilities.  As additional information becomes available, the allocation of liabilities between prepetition and postpetition periods may change and the Debtors reserve the right to amend the Bankruptcy Schedules or otherwise change the allocation of pre and postpetition liabilities as is appropriate.

Employee Claims.  The Bankruptcy Court authorized Scovill to pay prepetition employee wages, salaries, benefits, and other obligations in the ordinary course of business.  Additionally, the Bankruptcy Court authorized Scovill to continue to honor its existing vacation and casual leave policies postpetition and, subsequent to the Petition Date, Scovill's employees have continued to utilize vacation and casual leave earned prepetition.  Accordingly, the claims held by the Debtors' employees as of the Petition Date have likely decreased and are likely to continue to decrease as the employees continue to utilize vacation and casual leave earned prepetition.  The Debtors have not, therefore, attempted to calculate the current amount of their employees' prepetition claims for inclusion in the Bankruptcy Schedules.

Excluded Assets and Liabilities.  The Debtors have excluded certain categories of immaterial assets and liabilities from the Bankruptcy Schedules including goodwill, software licenses, permits, businesses licenses, and miscellaneous office décor.

Intercompany Transactions.  Scovill books "intercompany transactions" in the ordinary course of their business with certain non-debtor subsidiaries.  However, all of these transactions occur only as book entries and are a result of the intercompany movement of cash pursuant to Scovill's cash management system; Scovill does not conduct intercompany sales.  Accordingly, the intercompany transactions are not detailed in the Bankruptcy Schedules.

Trade Accounts Receivable and Accounts Payable.  Trade Accounts Receivable are presented without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held by the Debtors, unless otherwise stated.  Likewise, Accounts Payable are shown without consideration for accounts receivable, open or terminated contracts, liquidated damages, setoff rights or collateral that has been posted on behalf of the counterparty.

Valuation.  The value of the Debtors' assets, unless otherwise indicated, is listed as the net book value as of the Petition Date.  For this reason, amounts ultimately realized will vary from net book value and such variance may be material.  In addition, the amounts shown for total assets and liabilities exclude items identified as "unknown" and,

thus, ultimate assets and liabilities may differ materially from those stated in the Bankruptcy Schedules.

### B. Schedules of Assets and Liabilities

Schedule A: Real Property.  Scovill's Clarkesville facility spans 26.5 acres and extends to 1864 Robertson Loop, Clarkesville, GA 30523 ("**Robertson Loop**"). Robertson Loop is included in the property subject to the lien held by General Electric Capital Corporation, as agent and GSCP Recovery, Inc., as agent.

Schedule B:  Personal Property.

B21: Counterclaims.  One of Scovill's customers has made a claim for approximately $95,000 related to two defective snaps.  Scovill believes that Master Tool & Mold is responsible for the defective snaps and intends to make a claim to Master Tool & Mold for the amount required to resolve the issue.

B(25), (28) and (29).  All of the items listed on Exhibits B(25), B(28) and B(29) in Scovill's Bankruptcy Schedules are located at the Scovill's facility in Clarkesville, GA.

B29: Machinery.  The list of machinery includes attaching machines which are leased to Scovill's customers at a nominal costs.  These machines are used by Scovill's customers to attach products purchased from Scovill.  As of the Petition Date, there were over 1,000 attaching machines leased to customers and located at those customers' sites.  The cited value is based on the most recent appraisal available which is believed to have been completed at least five years from the Petition Date. Scovill anticipates that its attaching machines have significantly lower or zero market value as they are designed only for the manufacture of Scovill products and cannot be retrofitted for use with any third party products. In addition to the attaching machines located at customer sites, Scovill also has several hundred attaching machines located at its Clarkesville facility.  Many of these machines are not fully assembled and are used to replace parts of fully assembled machines.

Schedule E:  Creditors Holding Unsecured Priority Claims.  As of the Petition Date, Scovill was the only Debtor with employees and owed unpaid prepetition wages to its employees.  Pursuant to an order of the Bankruptcy Court (Docket No. 35, the "**Employee Wage Order**"), Scovill was permitted to pay prepetition wages postpetition. Accordingly, claims for prepetition wages have not been detailed in Scovill's Bankruptcy Schedules.  Additionally, Scovill's employees hold prepetition claims for unused vacation and casual leave.  While Scovill's employees cannot receive cash for their unused vacation days postpetition, except after termination in some instances, vacation

days accrued prepetition can be utilized postpetition.  As such, the amount of the employees' claims will be reduced as the employees continue to utilize earned vacation and casual leave.  Scovill has therefore scheduled each claim as contingent and unliquidated in an unknown amount; the amount of each claim will be determined during the claims resolution process.  Scovill reserves its right to dispute or challenge whether such claims are entitled to priority.

As with prepetition wages, pursuant to the Employee Wage Order, Scovill was permitted to pay claims relating to employee related insurance programs and Scovill's 401(k) program in the ordinary course of business.  Accordingly, certain prepetition obligations subject to the Employee Wage Order that have been satisfied postpetition may not be reflected in Scovill's Bankruptcy Schedules.

Schedule F: Creditors Holding Unsecured Non-Priority Claims.  The claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

Schedule G: Executory Contracts.  Scovill's business is complex.  While every reasonable effort has been made to ensure the accuracy of Schedule G in Scovill's Bankruptcy Schedules regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusions may have occurred.  Scovill reserves all of its rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

Certain of the leases and contracts listed on Schedule G for Scovill may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights that are embedded in Scovill's executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  Such rights, powers, duties and obligations are not set forth on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents are also not set forth on Schedule G.

Certain of the agreements listed on Schedule G for Scovill may be in the nature of conditional sales agreements or secured financings.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  Scovill reserves all of its rights,

claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim.   Executory agreements that are oral in nature have not been included in Schedule G.

Certain of the contracts, agreements and leases listed on Schedule G for Scovill may have been entered into by more than one of the Debtors.  Every reasonable effort has been made to identify which Debtors are parties to each contract, agreement, or lease and, where possible, such contracts, agreements and leases are listed on Schedule G of each such Debtor.  While certain contracts and agreements listed on Schedule G may have been entered into by one or more of the Debtors, the liabilities under all contracts and agreements listed on Schedule G are listed on Scovill's balance sheets.

Schedule H: Co-Debtors.

Scovill is party to that certain Credit Agreement (the "**Prepetition Credit Agreement**"), dated as of February 2, 2004, as amended, by and between Scovill, as borrower, and General Electric Capital Corporation, as lender and agent.  Parent, PCI, Rau and Scomex are each guarantors under the Prepetition Credit Agreement. The Prepetition Credit Agreement is secured by all, or substantially all, of the assets of Parent, Scovill, PCI, Rau and Scomex. Scovill is a party to that certain Third Amended and Restated Loan and Security Agreement (the "**Tranche B Credit Facility**"), dated as of February 2, 2004, as amended, by and among Scovill, Rau, Scomex, PCI, , as borrowers, and GSCP Recovery Inc. ("**Recovery Inc.**"), as agent and lender, GSC Recovery II, L.P. and GCS Recovery IIA, L.P. (collectively referred to as "**Recovery**"), as the lenders. The Tranche B Credit Facility is secured by all, or substantially all, of the assets of Scovill, Rau, Scomex and PCI.  Scovill, Rau, PCI and Scomex are borrowers under that certain Term Loan Agreement dated December 23, 2005 (the "**Recovery Term Loan**") with Recovery, as lenders.

**C.  Statement of Financial Affairs**

Question 9: Payments Related to Debt Counseling or Bankruptcy.  All payments for the Debtors' bankruptcy professionals were paid by Scovill on behalf of all Debtors.

Question 13: Setoffs.  The Debtors are not aware of any setoffs by a creditor that occurred prior to the 90 days preceding the Petition Date.

Question 17(a)-(c): Environmental Matters.   Scovill's Clarkesville facility contains surface impoundments formerly used for the management of hazardous waste. Although closed, these surface impoundments are subject to the Georgia Hazardous Waste Management Act, O.C.G.A. § 12-8-60 et. seq. (the "**Act**").   Under the Act, a company that owns a hazardous waste treatment facility must demonstrate financial assurance for the post-closure care of the hazardous waste treatment facility. On March 29, 1996, Scovill submitted information to the Georgia Environmental Protection

Division ("**EPD**") attempting to demonstrate the capacity for such financial assurance. EPD found that Scovill failed in its demonstration. As a result, on December 20, 1996, EPD and Scovill entered into a Consent Order, whereby Scovill agreed to establish, fund and maintain a Trust Fund adequate to cover all closure and post-closure costs throughout the total 30 year post-closure period. At the time the Trust Fund was established, the estimated cost for the remaining post-closure was $812,291. As of February 7, 2011 the post-closure estimate for years 20 through 30 (final post-closure certification) was $216,529. As of March 31, 2011, the total portfolio amount of the Trust Fund was $357,655, which is reflected in Scovill's Schedule B35.

Question 23: Withdrawals from a partnership or distribution by a corporation. Distributions listed in response to SOFA 23 for Scovill are also included in those payments detailed in response to SOFA 3(c). All distributions to the insiders listed were made by Scovill, including any distributions made to Larry Himes and Dan Sebastian, officers of Parent. Mr. Himes was paid for consulting services provided to Scovill. Mr. Sebastian was paid amounts in his capacity as an officer of Parent.

Stewart Little, Christopher Hitt and Cathy Sigmon serve as officers of the Debtors. The compensation paid to these individuals was based on their employment at Scovill and SOFA 3(c) and SOFA 23 incorporates all compensation paid to them or on their behalf by any Debtor within one year of the Petition Date, including regular payroll, accrued bonus payments, expense reimbursements and consulting fees.

Question 25: Pension Plans. Scovill does not have a defined benefit pension plan for Scovill employees. Scovill's defined benefit plan (the "**Pension Plan**") was terminated on April 30, 2005. The Pension Plan was assumed by the Pension Benefit Guaranty Corporation ("**PBGC**") on July 19, 2007 pursuant to a settlement agreement between the PBGC and Scovill. Under this agreement Scovill made a lump sum payment in exchange for PBGC's release of any claims or liens against Scovill for unfunded benefit liabilities. As of the Petition Date, Scovill regularly made monthly informal pension payments to eighteen (18) retired employees. The monthly payments to each retiree range between $8-1500 and total approximately $2,900 monthly. Under the Employee Wages Order, Scovill was allowed to continue making these retiree payments in the ordinary course.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF GEORGIA**

**GAINESVILLE DIVISION**

In re  **Scomex, Inc.**
_____ ,

Debtor                                          Case No.  **11-21653**
_____

Chapter  **11**
_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| | | | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 6 | $0.00 UNKNOWN | | |
| C - Property Claimed As Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $185,202,509.78 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $48,929,475.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | | | | N/A |
| Total Number of Sheets In ALL Schedules | | 17 | | | |
| Total Assets | | | $0.00 UNKNOWN | | |
| Total Liabilities | | | | $234,131,984.78 | |

In re **Scomex, Inc.**
_____        Case No. _____**11-21653**_____
Debtor                                                                (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an 'H', 'W', 'J', or 'C' in the column labeled 'Husband, Wife, Joint or Community.' If the debtor holds no interest in real property, write 'None' under 'Description and Location of Property.'

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If any entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write 'None' in the column labeled 'Amount of Secured Claim.'

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | NONE | N/A |

Sheet no. 1 of 1  sheets attached to Schedule of
Real Property

(Use only on the last page of the completed Schedule A)

(Report total also on Summary of Schedules)

In re **Scomex, Inc.**
_____     Case No. _____**11-21653**_____
Debtor                                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 01  CASH ON HAND. | ☑ | | | |
| | | | | |
| 02  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | ☑ | | | |
| | | | | |
| 03  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | ☑ | | | |
| | | | | |
| 04  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | ☑ | | | |
| | | | | |

Sheet no. 1 of  6  sheets attached to Schedule of
Personal  Property

In re **Scomex, Inc.** _____  Case No. _____**11-21653**_____
　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 05 BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | ☑ | | | |
| | | | | |
| 06 WEARING APPAREL. | ☑ | | | |
| | | | | |
| 07 FURS AND JEWELRY. | ☑ | | | |
| | | | | |
| 08 FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | ☑ | | | |
| | | | | |
| 09 INTERESTS IN INSURANCE POLICIES.  NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | ☑ | | | |
| | | | | |
| 10 ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | ☑ | | | |
| | | | | |
| 11 INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(B)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(B)(1). GIVE PARTICULARS. (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(C).) | ☑ | | | |
| | | | | |

Sheet no. 2 of  6  sheets attached to Schedule of
Personal  Property

In re_____**Scomex, Inc.**_____     Case No. _____**11-21653**_____
                        Debtor                                                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12  INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS. ITEMIZE. | ✔ | | | |
| | | | | |
| 13  STOCK AND INTERESTS IN INCORPORATED BUSINESSES. ITEMIZE. | ✔ | | | |
| | | | | |
| 14  INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | ☐ | 94% SHARES OF SCOVILL FASTENERS S.A. DE C.V. | | UNKNOWN |
| | | | | |
| 15  GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | ✔ | | | |
| | | | | |
| 16  ACCOUNTS RECEIVABLE. | ✔ | | | |
| | | | | |
| 17  ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED.  GIVE PARTICULARS. | ✔ | | | |
| | | | | |
| 18  OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDE TAX REFUNDS.  GIVE PARTICULARS. | ✔ | | | |
| | | | | |

Sheet no. 3 of  6  sheets attached to Schedule of
            Personal  Property

In re _____**Scomex, Inc.**_____    Case No. _____**11-21653**_____
                                    Debtor                                                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19 EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | ☑ | | | |
| | | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | ☑ | | | |
| | | | | |
| 21 OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS. GIVE ESTIMATED VALUE OF EACH. | ☑ | | | |
| | | | | |
| 22 PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY. GIVE PARTICULARS. | ☑ | | | |
| | | | | |
| 23 LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES. GIVE PARTICULARS. | ☑ | | | |
| | | | | |

Sheet no. 4 of  6  sheets attached to Schedule of
           Personal  Property

In re  **Scomex, Inc.** _____  Case No. _____**11-21653**_____
          Debtor                                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24 CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION (AS DEFINED IN 11 U.S.C. § 101(41A)) PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | ☑ | | | |
| 25 AUTOMOBILES, TRUCKS, TRAILERS, AND OTHER VEHICLES AND ACCESSORIES. | ☑ | | | |
| 26 BOATS, MOTORS, AND ACCESSORIES. | ☑ | | | |
| 27 AIRCRAFT AND ACCESSORIES. | ☑ | | | |
| 28 OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | ☑ | | | |
| 29 MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | ☑ | | | |
| 30 INVENTORY. | ☑ | | | |
| 31 ANIMALS. | ☑ | | | |

Sheet no. 5 of  6  sheets attached to Schedule of
         Personal  Property

In re **Scomex, Inc.**
_____    Case No. **11-21653**
_____
                    Debtor                                          (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32 CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | ☑ | | | |
| | | | | |
| 33 FARMING EQUIPMENT AND IMPLEMENTS. | ☑ | | | |
| | | | | |
| 34 FARM SUPPLIES, CHEMICALS, AND FEED. | ☑ | | | |
| | | | | |
| 35 OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | ☑ | | | |
| | | | | |

Sheet no. 6 of   6  sheets attached to Schedule of
Personal  Property

(Use only on the last page of the completed Schedule B)

| $0.00 |
|---|

(Report total also on Summary of Schedules)

In re **Scomex, Inc.** _____  Case No. _____**11-21653**_____
                   Debtor                                                                 (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. 522(b)(2)

☐ 11 U.S.C. 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Not Applicable | Not Applicable | | |

Sheet no. 1 of 1

In re  **Scomex, Inc.**
_____
                    Debtor

Case No. _____**11-21653**_____
                                        (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED  CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", including the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the

If the claim is contingent, place an "X" in the column labeled "Contingent".  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated".  If the claim is disputed, place an "X" in the column labeled "Disputed".  (You may need to place an "X" in more

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME  AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Vendor No:            s355 | | | | | | | | |
| GENERAL ELECTRIC CAPITAL CORPORATION, AS AGENT ATTN: SUZANNE LUPINETTI 401 MERRITT SEVEN SUITE 23 NORWALK, CT  06851 | X | | 2/2/04 SECURED DEBT TERM LOAN B ACCOUNT 53939  - ALL ASSETS | | | | $10,575,342.47 | UNKNOWN |
| | | | Value:                    Unknown | | | | | |
| Vendor No:            s356 | | | | | | | | |
| GENERAL ELECTRIC CAPITAL CORPORATION, AS AGENT ATTN: SUZANNE LUPINETTI 401 MERRITT SEVEN SUITE 23 NORWALK, CT  06851 | | | 2/2/04 SECURED DEBT TERM LOAN C ACCOUNT 213224  - ALL ASSETS | | | | $2,114,040.70 | UNKNOWN |
| | | | Value:                    Unknown | | | | | |

Sheet no. 1 of 2  sheets attached to Schedule of
Creditors Holding Secured Claims

In re __Scomex, Inc._____     Case No. _____**11-21653**_____
　　　　　　　　Debtor                                                    (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR / HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| Vendor No:　　　　s357 | | | | | | | |
| GENERAL ELECTRIC CAPITAL CORPORATION, AS AGENT ATTN: SUZANNE LUPINETTI 401 MERRITT SEVEN SUITE 23 NORWALK, CT 06851 | | 2/2/04 SECURED DEBT REVOLVING LOAN ACCOUNT 53932 - ALL ASSETS  ___Value:___　　　　Unknown | | | | $13,658,126.61 | UNKNOWN |
| Vendor No:　　　　s1352 | | | | | | | |
| GSCP RECOVERY, INC., AS AGENT ATTN: PETER FRANK 500 CAMPUS DRIVE, SUITE 220 FLORHAM PARK, NJ 07032 | X | 2/2/04 SECURED DEBT TRANCHE B LOAN - ALL ASSETS  ___Value:___　　　　Unknown | | | | $158,855,000.00 | UNKNOWN |

Sheet no. 2 of 2  sheets attached to Schedule of
Creditors Holding Secured Claims

Total Unsecured | UNKNOWN
Total Secured | $185,202,509.78
(Use only on the last page of the completed Schedule D)

(Report total also on Summary of Schedules)

In re   **Scomex, Inc.**                                                   Case No. _____**11-21653**_____
_____
            Debtor                                                                                      (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditor, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J" or "C" in the column labeled "Husband, Wife, Joint, or Community".

    If the claim is contingent, place an "X" in the column labeled "Contingent".  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated".  If the claim is disputed, place an "X" in the column labeled "Disputed".  (You may need to place an "X" in more than one of these three columns.)

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. If applicable, also report this total on the Means Test form.

[☑]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)**

[ ]  **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]  **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order of relief.   11 U.S.C. § 507(a)(3).

[ ]  **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]  **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days  immediately preceding the filing of the original petition or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

In re **Scomex, Inc.** _____    Case No. _____**11-21653**_____
                    Debtor                                                                                (If known)

<table>
<tr><td>☐</td><td><b>Certain Farmers and Fishermen</b><br>Claims of certain farmers and fishermen, up to a maximum of $5,400* per farmer or fisherman, against the debtor, as provided in<br>11 U.S.C. § 507(a)(6).</td></tr>
<tr><td>☐</td><td><b>Deposits by individuals</b><br>Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were<br>not delivered or provided.  11 U.S.C. § 507(a)(7).</td></tr>
<tr><td>☐</td><td><b>Taxes and Other Certain Debts Owed to Governmental Units</b><br>Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in  11 U.S.C. § 507(a)(8).</td></tr>
<tr><td>☐</td><td><b>Commitments to Maintain the capital of an Insured Depository Institution</b><br>Claims based on commitments to the FDIC, RTC, director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the<br>Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.<br>11 U.S.C § 507(a)(9)</td></tr>
<tr><td>☐</td><td><b>Claims for Death or Personal Injury While Debtor Was Intoxicated</b><br>Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or<br>another substance. 11 U.S.C. § 507(a)(10).</td></tr>
</table>

___1___ continuation sheets attached

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re <u>**Scomex, Inc.**</u>                                                   Case No. <u>**11-21653**</u>
                          Debtor                                                                (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** | | | | | | | | | |

Sheet no. 3 of 3  sheets attached to Schedule of
       Creditors Holding Unsecured Priority Claims

Total

In re **Scomex, Inc.**

_____

Debtor

Case No.    **11-21653**

_____

(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," including the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent".  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated".  If the claim is disputed, place an "X" in the column labeled "Disputed".  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primary consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions Above) | | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Vendor No. | s1389 | | | | | | | |
| DELAWARE SECRETARY OF STATE 401 FEDERAL ST #3 DOVER, DE  19901 | | | | TAXES & OTHER GOVT DEBTS FRANCHISE TAX | | | | $475.00 |
| Vendor No. | s1388 | | | | | | | |
| GSCP RECOVERY, INC ATTN: PETER FRANK 500 CAMPUS DRIVE, SUITE 220 FLORHAM PARK, NJ  07032 | | X | | MONEY LOANED DECEMBER 23, 2005 TERM LOAN AGREEMENT | | | | $48,929,000.00 |

Sheet no. 1 of 1        sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Total        $48,929,475.00

In re _**Scomex, Inc.**_____        Case No. _____**11-21653**_____
               Debtor                                                                                    (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any time share interests.

State nature of debtor's interest in contract, i.e. "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of the lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
| --- | --- |
| | |

In re **Scomex, Inc.** _____       Case No. _____ **11-21653** _____

Debtor                                                                          (If known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| PCI GROUP, INC.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GENERAL ELECTRIC CAPITAL CORPORATION, AS AGENT<br>ATTN: SUZANNE LUPINETTI<br>401 MERRITT SEVEN<br>SUITE 23<br>NORWALK, CT  06851 |
| PCI GROUP, INC.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GSCP RECOVERY, INC<br>ATTN: PETER FRANK<br>500 CAMPUS DRIVE, SUITE 220<br>FLORHAM PARK, NJ  07032 |
| PCI GROUP, INC.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GSCP RECOVERY, INC., AS AGENT<br>ATTN: PETER FRANK<br>500 CAMPUS DRIVE, SUITE 220<br>FLORHAM PARK, NJ  07032 |
| RAU FASTENER COMPANY,  L.L.C.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GENERAL ELECTRIC CAPITAL CORPORATION, AS AGENT<br>ATTN: SUZANNE LUPINETTI<br>401 MERRITT SEVEN<br>SUITE 23<br>NORWALK, CT  06851 |
| RAU FASTENER COMPANY,  L.L.C.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GSCP RECOVERY, INC<br>ATTN: PETER FRANK<br>500 CAMPUS DRIVE, SUITE 220<br>FLORHAM PARK, NJ  07032 |
| RAU FASTENER COMPANY,  L.L.C.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GSCP RECOVERY, INC., AS AGENT<br>ATTN: PETER FRANK<br>500 CAMPUS DRIVE, SUITE 220<br>FLORHAM PARK, NJ  07032 |
| SCOVILL FASTENERS INC.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GENERAL ELECTRIC CAPITAL CORPORATION, AS AGENT<br>ATTN: SUZANNE LUPINETTI<br>401 MERRITT SEVEN<br>SUITE 23<br>NORWALK, CT  06851 |

In re ___**Scomex, Inc.**_____     Case No. ___**11-21653**_____
　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| SCOVILL FASTENERS INC.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GSCP RECOVERY, INC<br>ATTN: PETER FRANK<br>500 CAMPUS DRIVE, SUITE 220<br>FLORHAM PARK, NJ  07032 |
| SCOVILL FASTENERS INC.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GSCP RECOVERY, INC., AS AGENT<br>ATTN: PETER FRANK<br>500 CAMPUS DRIVE, SUITE 220<br>FLORHAM PARK, NJ  07032 |
| SCOVILL, INC.<br>1802 SCOVILL DRIVE<br>CLARKESVILLE, GA  30523-6348 | GENERAL ELECTRIC CAPITAL CORPORATION, AS AGENT<br>ATTN: SUZANNE LUPINETTI<br>401 MERRITT SEVEN<br>SUITE 23<br>NORWALK, CT  06851 |

B6 Declaration (Official Form B6-Declaration) (12/07)-Cont.

In re Scomex, Inc.                                    CASE NO. 11-21653
         Debtor                                               Chapter 11

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Senior Vice President of Finance of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____110____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___May 31, 2011___

Signature: _____
                        **Christopher Hitt**
                        **Senior Vice President of Finance**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.