**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCOVILL FASTENERS INC., *et. al.*, | ) | Case No. 11-21650 (REB) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

**<u>HEARING TO BE HELD IN ATLANTA</u>**

**NOTICE OF HEARING ON DEBTORS' OBJECTION TO**
**<u>PROOF OF CLAIM NO. 6 FILED BY NORTH STAR LEASING COMPANY</u>**

**PLEASE TAKE NOTICE** that the above-captioned debtors (the "**Debtors**") have filed the attached **Objection to Proof of Claim No. 6 filed by North Star Leasing Company** (the "**Objection**").  The Objection is also available for review in the Office of the Clerk of Court, United States Bankruptcy Court, 75 Spring Street, SW, Atlanta, Georgia 30303.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing (the "**Hearing**") to consider the Objection in **<u>Courtroom 1202, U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303, at 2:00 p.m. on July 26, 2011.</u>**

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected by the court's ruling on the Objection.  You should read the Objection carefully and discuss it with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.  **<u>If you do not want the court to grant the relief sought in the Objection or if you want the court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the Objection with the Clerk, but you are not required to do so.</u>** If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response.  Mail or deliver your response so that it is received by the Clerk no later than two business days before the Hearing, at the following address: Office of the Clerk of Court, United States Bankruptcy Court, 75 Spring Street, SW, Atlanta, Georgia 30303.

---

[1]    The last four digits of the tax identification number for each of the Debtors follow in parenthesis: (i) Scovill Fasteners, Inc. (9561); (ii) Scovill, Inc. (3634); (iii) PCI Group, Inc. (7672) and Rau Fastener Company, L.L.C. (0883).  Scomex, Inc. does not have a taxpayer identification number.  The mailing address of the Debtors is 1802 Scovill Drive, Clarkesville, GA 30523-6348.

You must also mail a copy of your response to the undersigned at the address stated below.

This 24th day of June, 2011.

ALSTON & BIRD LLP

 /s/ John  C. Weitnauer
John C. Weitnauer
GA Bar No. 746550
Heather Byrd Asher
GA Bar No. 139022
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Kit.weitnauer@alston.com
Heather.asher@alston.com

*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCOVILL FASTENERS INC., *et. al.*, | ) | Case No. 11-21650 (REB) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 6**
**FILED BY NORTH STAR LEASING COMPANY**

Scovill Fasteners Inc., ("**Scovill**"), Scovill, Inc. ("**Parent**"), PCI Group, Inc. ("**PCI**"), Rau Fastener Company, L.L.C. ("**Rau**") and Scomex, Inc. ("**Scomex**") (collectively, the "**Debtors**") file this objection (the "**Objection**") to proof of claim no. 6 filed by North Star Leasing Company asserting a claim under Section 503(b)(9) of Title 11 of the United States Code (the "**North Star Claim**"). As set forth more fully below, the Debtors seek entry of an order pursuant to Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Georgia (the "**Local Rules**") and Section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") disallowing the North Star Claim in full as a 503(b)(9) claim and granting such other and further relief as is just and proper. In support of the Objection, the Debtors respectfully represent as follows:

---

[1]     The last four digits of the tax identification number for each of the Debtors follow in parenthesis: (i) Scovill Fasteners, Inc. (9561); (ii) Scovill, Inc. (3634); (iii) PCI Group, Inc. (7672) and Rau Fastener Company, L.L.C. (0883). Scomex, Inc. does not have a taxpayer identification number. The mailing address of the Debtors is 1802 Scovill Drive, Clarkesville, GA 30523-6348.

## I.  <u>JURISDICTION AND VENUE</u>

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these bankruptcy cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## <u>BACKGROUND</u>

1.      On April 19, 2011 (the "**Petition Date**"), Scovill commenced a voluntary case under Chapter 11 of the Bankruptcy Code.  On the same day, Scovill's sole owner and three of its wholly owned subsidiaries also filed Chapter 11 petitions in this Court.  The Debtors are authorized to operate and manage their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On May 2, 2011, the Court entered an order [Docket No. 68] setting a deadline of May 25, 2011 for the filing of claims under Section 503(b)(9) of the Bankruptcy Code.

3.      The North Star Claim asserts administrative expense status under Section 503(b)(9) in the amount of $12,613.84 for items of leased water cooler equipment.  *See* Exhibit A.  The payment history attached to the North Star Claim indicates that it is based upon monthly lease payments and other items related to the lease agreement provided in 2010 through March 16, 2011.  *See id.*

## <u>BASIS FOR REQUESTED RELIEF</u>

4.      A chapter 11 debtor has the duty to object to the allowance of any improper claim. 11 U.S.C. §§ 1106(a)(1) and 1107(a); *see also Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991).  When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support

- 2 -

a finding that the debtor is legally liable to the claimant.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

5.     Section 503(b)(9) of the Bankruptcy Code provides that a creditor is entitled to administrative expense priority equal to "the value of any goods received by the debtor *within 20 days before*" the date the bankruptcy petition was filed, as long as "the goods have been sold to the debtor in the ordinary course of such debtor's business."  11 U.S.C. § 503(b)(9).

6.     The North Star Claim shows, on its face, that the good were delivered to the Debtors in excess of twenty days before the Petition Date.  Accordingly, the North Star Claim cannot meet the definition of an administrative expense claim under Section 503(b)(9) of the Bankruptcy Code.  The Debtors request that this Court enter an order disallowing the North Star Claim in full as a 503(b)(9) claim.

7.     The Debtors hereby reserve their rights to object in the future to the North Star Claim as an unsecured claim or on any ground.

8.     Notwithstanding anything contained in this Objection or the exhibits attached to the Order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holder of the North Star Claim; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

9.      Notice of this Motion has been provided to (i) the United States Trustee for the Northern District of Georgia; (ii) counsel to the Unsecured Creditors Committee; (iii) the notice address of the holder of the North Star Claim listed upon the proof of claim filed with BMC, the Debtors' Court approved claims and noticing agent; and (iv) the Master Service List.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, in substantially the form attached as Exhibit B hereto, disallowing the North Star Claim as a Section 503(b)(9) administrative claim.

This 24th day of June, 2011.

ALSTON & BIRD LLP

/s/  John C. Weitnauer
John C. Weitnauer
GA Bar No. 746550
Heather Byrd Asher
GA Bar No. 139022
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Kit.weitnauer@alston.com
Heather.asher@alston.com

*Attorneys for Debtors*

- 4 -

# EXHIBIT A
# [Proof of claim]

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA | § 503(b)(9) CLAIM FORM |
|---|---|
| In re: _Scovill Fasteners_ [Insert the name of the debtor that you are filing a claim against] | Case No. _____ |

NOTE: This form ("503(b)(9) **Claim Form**") is to be used **ONLY** to make a claim for payment of an administrative expense pursuant to 11 U.S.C. §503(b)(9) in accordance with the accompanying Notice. If you only hold a general unsecured claim, or if you hold a general unsecured claim in addition to a Section 503(b)(9) claim, you must file a separate proof of claim with respect to such general unsecured claim in accordance with applicable Court orders and notice from the Debtor. As set forth in the accompanying Notice, the deadline for receipt of a 503(b)(9) Claim Form is **May 25, 2011 at 5:00 p.m. (prevailing Eastern Time) (the "503(b)(9) Claims Bar Date")**.

*INSTRUCTIONS:* This 503(b)(9) Claim Form must be completely filled out, as applicable, and received by the Debtor's claims agent, BMC Group, Inc., on or prior to the 503(b)(9) Claims Bar Date. 503(b)(9) Claim Forms may be filed by regular mail, express mail or hand delivered to the following address:

| **BY REGULAR MAIL** | **BY MESSENGER OR OVERNIGHT COURIER** |
|---|---|
| BMC Group Inc. Attn: Scovill Fasteners, Inc. Claims Processing PO Box 3020 Chanhassen, MN 55317-3020 | BMC Group Inc. Attn: Scovill Fasteners, Inc. Claims Processing 18750 Lake Drive East Chanhassen, MN 55317 |

| Name of creditor (the person or other entity to whom the debtor owes money or property): North Star Leasing Company | **RECEIVED** MAY 12 2011 BMC GROUP |
|---|---|

| Any applicable business account names or numbers used by creditor and/or debtor: 35381 | |

| Name and address where notices related to this §503(b)(9) Request should be sent: PO Box 4605 Burlington, Vt 05406 | ☐ Check box if you have never received any notices from the Bankruptcy Court in this case ☐ Check box if your address differs from the address on the envelope sent to you by the Debtor. |

1. Description of Basis of § 503(b)(9) Claim (including description of goods, date(s) of delivery/receipt by debtor):

   2 Rectifiers

2. Total Amount of § 503(b)(9) Claim (attach itemization and supporting documents): $ 12,613.84

3. Credits: The amount of all payments, if any, on this claim that have been credited and deducted for the purpose of making this § 503(b)(9) Request. $ 18,836.12

4. Other Supporting Documents: Attach copies of any and all supporting documents, such as purchase orders/invoices, itemized statements of running accounts, contracts, and documents evidencing delivery/receipt of goods. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, please explain. If the documents are voluminous, please attach a summary.

5. Date Stamped Copy: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this Request.

| Date: 5/9/11 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim: Amy Sayers Amy Sayers Account Executive | Scovill Fasteners 00006 |
|---|---|---|

| *Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. | |

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCOVILL FASTENERS INC., *et. al.*, | ) | Case No. 11-21650 (REB) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF BAR DATE FOR FILING REQUESTS
## FOR ALLOWANCE OF CLAIMS UNDER 11 U.S.C. §503(B)(9)

Please take notice that **May 25, 2011 at 5:00 p.m. (prevailing Eastern Time)** (the "**Section 503(b)(9) Claim Bar Date**") has been established as the deadline for filing a request for allowance of a claim under 11 U.S.C. §503(b)(9) ("**503(b)(9) Claim**") in the above referenced Chapter 11 cases. Any party asserting a Section 503(b)(9) Claim for the value of any goods sold in the ordinary course of business and received by any of the above-captioned debtors (the "**Debtors**") within 20 days before April 19, 2011 must file a request for payment of such administrative expense claim in the form attached to this Notice (the "**503(b)(9) Claim Form**"), so that such 503(b)(9) Claim Form, together with supporting documentation, is **received** by the Debtors' claims agent, BMC Group, Inc. ("**BMC**"), on or before the Section 503(b)(9) Claim Bar Date by regular mail, express mail or hand delivery at the following address:

| **By Regular US Mail:** | **By Messenger or Overnight Courier:** |
|---|---|
| BMC Group Inc. | BMC Group Inc. |
| Attn: Scovill Fasteners, Inc. Claims Processing | Attn: Scovill Fasteners, Inc. Claims Processing |
| PO Box 3020 | 18750 Lake Drive East |
| Chanhassen, MN 55317-3020 | Chanhassen, MN 55317 |

Any 503(b)(9) Claim that is not received by BMC on or prior to the Section 503(b)(9) Claim Bar Date **shall be denied and forever barred as untimely**, without further notice or hearing. **Facsimiles or emails of 503(b)(9) Claim Forms will not be accepted.** Questions may be directed to the undersigned.

The following claims are excepted (the "**Excepted Claims**") from the Section 503(b)(9) Claim Bar Date Order and are **not** required to be filed on or before the Section 503(b)(9) Claim Bar Date:

Section 503(b)(9) claims already duly filed in this case with the Clerk of the Bankruptcy Court for the Northern District of Georgia or BMC.

Should the Bankruptcy Court, in the future, fix a date by which the Excepted Claims must be filed, you will be notified.

The fact that you received this notice does not mean that you have a claim under Section 503(b)(9) of the Bankruptcy Code, or that the Debtor or the Bankruptcy Court concedes that you have such a claim.

Dated: April 26, 2011.

ALSTON & BIRD LLP

/s/ John C. Weitnauer
John C. Weitnauer (GA. Bar No. 746550)
kit.weitnauer@alston.com
Heather Byrd Asher (GA. Bar No. 139022)
heather.asher@alston.com
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Proposed Attorneys for Debtors*

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and proper notice of the Motion having been given, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.   The Motion is GRANTED.

2.   The bar date for filing requests for allowance of administrative expense claims under 11 U.S.C. § 503(b)(9) shall be May 25, 2011 at 5:00 p.m. (prevailing Eastern Time).

3.   The Section 503(b)(9) Notice, attached as Exhibit A to the Motion, and Section 503(b)(9) Claim Form, attached as Exhibit B to the Motion, are approved.

4.   Any requests for allowance of an administrative expense claim under 11 U.S.C. §503(b)(9) not received by the Debtors' claims agent by May 25, 2011 at 5:00 p.m. (Eastern Standard Time) shall be denied and forever barred as untimely.

5.   The Debtors or their agent are directed to serve a copy of this Order on all parties listed in the Debtors' creditor matrix except for parties identified by the Debtors as Excluded Parties.

*** END OF ORDER ***

- 2 -

---

IT IS ORDERED as set forth below:

Date: May 02, 2011

_____
Robert E. Brizendine
U.S. Bankruptcy Court Judge

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

In re:                                        Chapter 11

SCOVILL FASTENERS INC., et al.,               Case No. 11-21650 (REB)

Debtors.[1]                                   Jointly Administered

ORDER (A) ESTABLISHING BAR DATE FOR FILING REQUESTS FOR
ALLOWANCE OF ADMINISTRATIVE EXPENSE UNDER 11 U.S.C. §503(B)(9)
AND (B) DESIGNATING FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the Debtors' motion to (a) establish a bar date for requests for allowance or payment of administrative expense claims under 11 U.S.C. §503(b)(9) and (b) designate the form and manner of notice with respect thereto (the "Motion");[2] and the Court having jurisdiction over these cases and proceedings pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these cases in this district being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief

[1]   The last four digits of the tax identification number for each of the Debtors follow in parentheses: (i) Scovill Fasteners, Inc. (9561); (ii) Scovill, Inc. (3634); (iii) PGT Group, Inc. (7673) and Rau Fastener Company, L.L.C. (0883). Scovus, Inc. does not have a taxpayer identification number. The mailing address of the Debtors is 1802 Scovill Drive, Clarkesville, GA 30523-6348.
   Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Prepared and presented by:

ALSTON & BIRD LLP

/s/ John C. Weinauer
John C. Weinauer (Bar No. 746550)
Heather Byrd Asher (Bar No. 139022)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Proposed Attorneys for Debtors*

- 3 -

01/21/2010 11:38 FAX                                                                                    @001/004



**NORTH STAR LEASING COMPANY**
*Since 1979*

P.O. Box 4505
Burlington, VT 05406-4505
Phone: (802) 862-6084
Fax: (802) 658-9724
www.northstarleasing.com
info@northstarleasing.com

Lease Number: ___35381___

- THIS IS A NON-CANCELLABLE LEASE -
- INCLUDES FOUR PREPRINTED PAGES -
- TERMS AND CONDITIONS OF LEASE -

1. The undersigned LESSEE hereby leases from LESSOR the personal property described below (hereafter called "equipment") on the terms and conditions set forth herein and on the following page hereof:

Description of Equipment Leased, Supplier, Identifying Numbers, and Other Descriptive Data Pursuant to Paragraph 3.

2) Model # SCRW430C012 Dynapower Rectifiers-Water Cooled  Size-60H 39W 38D Aprox. SN: 78774-002-001
   78774-002-002

**Supplier's Name & Address:**    Dynapower Corporation/ Rapid Power Corporation
                                                   85 Meadowland Drive; South Burlington, VT  05403

### Schedule of Rent Payments During Initial Term of Lease Pursuant to Paragraph 6

| No. of Rent Payments | Amount of Each Rent Payment | Prepaid Rentals | Advance Deposit |
|---|---|---|---|
| 36 | @ $  873.61 PER Month<br><br>0.00  Tax  _ Tax Ex<br><br>873.61  Total | $   2620.83<br>(to include sales tax)<br><br>Applicable to Prepaid Rentals for first and last 2 Month(s) | $     0.00<br><br><br>per paragraph 6 |

**2. WARRANTY DISCLAIMER, INDEMNITY AND LIMITATION OF REMEDIES.** LESSOR makes **NO WARRANTIES**, either express or implied, as to any matter whatsoever, including without limitations, the condition of the equipment, its merchantability or fitness for any particular purpose, or as to any patent or latent defects in material, workmanship or otherwise, and no such defect or alleged unfitness of the equipment shall in any way affect the unconditional obligation of LESSEE to make all rental payments.  All warranties made by the supplier to LESSOR are hereby assigned to LESSEE.  LESSEE shall indemnify LESSOR against, and hold LESSOR harmless from, any and all claims, actions, suits, proceedings, costs, expenses, damages and liabilities, including attorney's fees, arising out of, connected with our resulting from the equipment, including without limitations the manufacture, selection, delivery, possession, use, operation or return of the equipment.  In no event shall LESSOR be liable to any person in an amount exceeding the rental payments actually received under this lease, nor shall LESSOR be liable for consequential, incidental, exemplary or punitive damages.   LESSEE'S rights and remedies are governed exclusively by this agreement and all rights under article 2a (Sections 508-522) of the UCC are hereby waived.

**3. EQUIPMENT.**  In reliance on the execution by LESSEE of this instrument, LESSOR is about to purchase the equipment described, selected by LESSEE from a supplier of LESSEE'S choice.  The equipment subject to this lease may either be specific equipment already set aside for LESSEE or equipment to be subsequently furnished by the supplier of the kind and type indicated.  The equipment subject to this lease shall be specifically identified in an invoice from the supplier referring to the lease number which this instrument bears.  The supplier is not LESSOR'S agent.  LESSOR makes no representations as to the adequacy of the equipment for any purpose. LESSOR is not responsible for maintenance.

Page 1 of 4

01/21/2010 11:38 FAX                                                                              ☒002/004

**4. DELIVERY AND ACCEPTANCE.** The equipment shall be shipped directly to LESSEE by the supplier. LESSEE agrees to accept such delivery and agrees that the validity of this lease shall not be affected by any delay in shipment by the supplier. Unless within 48 hours after delivery of the equipment LESSEE gives and LESSOR receives written notice specifying in detail all defects in the equipment, it shall be conclusively presumed, as between LESSOR and LESSEE, that the equipment is acknowledged to be in good condition and that LESSEE has accepted and is satisfied that the equipment constitutes the equipment specified in the lease. Acceptance of the equipment shall be deemed to be acceptance of this lease and all terms notwithstanding the absence of execution and delivery by the LESSEE. It shall thereupon be binding upon the LESSEE and Guarantor(s).

**5. UCC FILINGS.** LESSEE grants to LESSOR a security interest in the equipment if this agreement is deemed a secured transaction, authorizes LESSOR to record a UCC-1 financing statement or similar instrument, and appoints LESSOR as LESSEE'S attorney-in-fact to execute and deliver such instruments.

**6. RENTALS, DEPOSITS AND TERM.** The LESSEE agrees to pay during the initial term of this lease the total of all of the rentals in the schedule of rent payments. The advance deposit, if any, and prepaid rentals, if any, specified herein, are due upon execution of the lease by LESSEE. All subsequent rentals shall become due serially on the day of the month indicated in the schedule of rent payments to be furnished by LESSOR to LESSEE. The next rental payment after the prepayment shall become due on the specified payment due day next following shipment of the equipment by the supplier, but if this is less than 16 days after shipment, then it shall become due in the next following month. Rent shall be payable at the principal place of business of LESSOR in Burlington, Vermont, or as otherwise directed by LESSOR in writing. The initial term of this lease shall be effective upon shipment of the equipment to LESSEE and shall end at the expiration of the number of months, or other calendar intervals, specified herein. In the event of any default hereunder as defined in paragraph 10 hereof, any prepaid sums and deposit may at the option of LESSOR be applied, at any time, to any delinquency created by such default. Any prepaid sums and deposits applied to satisfy any amount owed shall be promptly restored to the full amount previously held. Furthermore, LESSEE agrees to pay to LESSOR any filing fees prescribed by the Uniform Commercial Code or other law and reimburse LESSOR for all costs and expenses involved in documenting and servicing this transaction.

**7. LOCATION, USE, ALTERATIONS, AND INSPECTION.** The equipment shall be delivered to and kept at the location specified herein and shall not be removed therefrom without LESSOR'S written consent. LESSEE shall comply with all laws relating to the use or maintenance of the equipment. LESSEE will attach such identification as LESSOR may request indicating that the equipment is owned by LESSOR. At all reasonable times LESSOR shall have the right to inspect the equipment. Without the prior written consent of LESSOR, LESSEE shall not make any alterations, addition, or improvements to the equipment. All additions and improvements shall belong to and become the property of LESSOR.

**8. REPAIRS, LOSS AND DAMAGE.** LESSEE, at its own expense, shall keep the equipment in good repair and working order and shall furnish all parts and labor for this purpose. LESSEE shall bear the risk of loss and damage to the equipment from any cause whatsoever. No loss or damage to the equipment or any part thereof shall impair any obligation of LESSEE under the lease, which shall continue in full force and effect. In the event of loss or damage of any kind to any item of equipment, LESSEE at the option of LESSOR shall: (a) place the same in good repair and working order: or (b) replace the same with like equipment in good condition and working order: or (c) on request by LESSOR, pay to LESSOR an amount equal to 20% of the total rental agreed to be paid for the initial term (representing LESSOR'S minimum residual equipment value at the end of the initial term hereof) plus if any of the foregoing events occur during the initial term, the then unpaid balance of such total rental, minus a discount computed at the rate of 6% per annum on each individual rental from the date of payment to the due date of each rental so prepaid, plus any and all other charges accrued pursuant to the terms hereof. Upon such payment, LESSOR, will release title to the LESSEE of the items involved. LESSEE shall carry general liability plus property insurance in an amount at least equal to the unpaid balance of the lease rentals due hereunder or the then current value of the equipment, whichever is higher, against loss or damage, and annually will furnish LESSOR with a certificate of such insurance which shall name the LESSOR as a co-insured as its interest may appear.

Page 2 of 4

🔲003/004

**9. TAXES.** LESSEE shall keep the equipment free and clear of all levies, liens and encumbrances and shall pay all license fees, registration fees, assessments, charges and taxes (municipal, state and federal) which may now or hereafter be imposed upon the ownership, leasing, renting, sale, possession or use of the equipment. LESSEE agrees to furnish LESSOR annually, proof of payment of same. If LESSEE fails to pay, any said fees, assessments, charges or taxes, LESSOR shall have the right, but shall not be obligated, to pay the same. In that event, the cost thereof shall be repayable to LESSOR with the next payment of rent, and failure to repay the same shall carry with it the same consequence as failure to make any payment of rent. LESSOR may, at its option, collect a proportionate part of all such levies on a monthly basis from LESSEE. If LESSOR pays any of the above, LESSEE agrees to reimburse LESSOR and to pay a processing fee for each payment we make on LESSEE'S behalf.

**10. DEFAULT.** In the event of any default by LESSEE in the payment of rent for equipment, or in the event that a petition in bankruptcy or any other provision of the United States Bankruptcy Code, is filed by or against LESSEE, or it executes an assignment for the benefit of its creditors, or if the condition of LESSEE'S affairs shall so change as to, in LESSOR'S opinion, impair LESSOR'S security or increase the credit risk involved, or it should otherwise default in the performance of its obligations hereunder, or in any other obligation by LESSEE to LESSOR, and such default continues for 5 days, at LESSOR'S option and without invoice, LESSEE'S right to possession of the equipment shall terminate and the LESSOR shall, without demand or notice be authorized to take immediate possession thereto, and in such event, notwithstanding such termination. LESSOR shall be entitled to recover in addition to all charges, rents and other payments that may have previously accrued, an amount equal to 20% of the total rent payable for the entire initial term (representing LESSOR'S minimum residual equipment value at the end of the initial term) plus, if such termination occurs during the initial term, an amount equal to the unpaid balance of the total rent for the initial term together with reasonable attorney's fees and court costs for collection. LESSEE shall pay interest on all amounts not paid when due at the rate of 18% per annum. In the event of any such default LESSOR shall have the right to exercise any one or more of the following remedies: to sue for and recover all amounts due under the foregoing or any other provisions of this lease, to charge or draw against any or all credit or charge cards in name of LESSEE or personal guarantors, including any lines of credit or deposit bank accounts for all monies LESSEE owes LESSOR; to take possession of any or all items of equipment without demand or notice; or without removing the equipment to make such changes therein as to prevent the use thereof by LESSEE during continuation of default, or any other remedies at law or in equity. LESSEE waives its right to a notice and hearing prior to the issuance of a writ or any and all prejudgment remedies permitted, or required by law, including attachment and repossession. All such remedies are cumulative and may be exercised concurrently or separately and no repossession or other action by LESSOR shall affect the continued obligations of LESSEE to make all payments hereinbefore provided for.

**11. DELINQUENCY CHARGES.** Should LESSEE fail to pay any sum required hereby to be paid to LESSOR by the due date thereof. LESSEE shall pay LESSOR a delinquency charge of 5% of any such payment in arrears or the highest contract rate permitted by law, if less.

**12. OWNERSHIP, SURRENDER AND ASSIGNMENT.** The equipment is, and shall at all times be and remain, the sole and exclusive personal property of LESSOR; and LESSEE shall have no right, title, or interest therein or thereto except as expressly set forth in this lease. Upon the expiration, or earlier termination, of this lease, LESSEE shall return, to LESSOR, the equipment in good repair, condition, and working order, ordinary wear and tear resulting from proper use thereof alone excepted, by delivering it, packed and ready for shipment, to such place or carrier as LESSOR may specify. In connection with any assignment by LESSOR of its interest in this instrument or the equivalent, LESSEE will recognize such assignment and furnish the assignee with a written acknowledgement that this lease is in full force and effect and that LESSEE is not entitled to any counterclaim or set-off. If this instrument provides for any covenant or condition to be performed by LESSOR, LESSEE agrees that no such assignee shall be obligated thereon.

**13. NOTICES, GENDER, AND NUMBER.** Service of all notices under this agreement shall be sufficient if given personally or mailed to the party involved at its respective address hereinafter set forth, or at such address as such party may provide in writing from time to time. Any such notice mailed to such address shall be effective when deposited in the United States mail, duly addressed and with postage prepaid. Whenever the context of this lease requires, the masculine gender includes the feminine or neuter, and the singular number includes the plural; and whenever the word "LESSOR' is used herein it shall include all assignees of LESSOR. If there is more than one LESSEE named in this lease, the liability of each shall be joint and several. LESSOR is authorized to proceed against one or more, but less than all of the LESSEES in any action. This lease contains at least four pages and includes the fifteen numbered paragraphs.                     **Page 3 of 4**

01/21/2010 11:39 FAX                                                                  ☎004/004

Scovill Fasteners, Inc.

**LESSEE(S)**          Correct Legal Designation (Company Name)

1802 Scovill Dr. Clarkesville, GA 30523
Mailing Address: Street, City, State, Zip (Equipment Location).

If Mailing Address is not equipment location, print equipment location here.

| | | |
|---|---|---|
| X | X | Jan 18 2010 |
| Christopher Hitt, | Authorized Signature & Title | Date Signed |
| Director of Finance | | |
| CHRISTOPHER M. HITT | | (706) 754-1000 |
| Print Name of Signature | Print Name of Signature | Telephone |

**14. PERSONAL GUARANTY.** The undersigned jointly and severally, unconditionally personally guarantee(s) the timely payment and performance of all LESSEE'S obligations to LESSOR, however and whenever arising. LESSOR may alter, accelerate, terminate, extend or change the provisions of the lease and any agreement and make other arrangements, including compromise or settlement with the LESSEE and you waive all defenses and notice of those changes and will remain responsible for the payment and performance of all obligations of this Agreement. LESSOR is hereby authorized to proceed against one or more of the undersigned without taking any prior action against the leased property, the lessee or other obligor. The undersigned hereby expressly waive(s) any and all suretyship defenses, acceptance of this guaranty and of the making of any sales or granting of any credit pursuant to any agreement or otherwise and further waive(s) notice of any default, non-payment, partial payment, presentment, demand, protest, notice of protest and all other notice to which the undersigned might be entitled to on any obligation of LESSEE. By signing this guaranty, you authorize us to obtain credit bureau reports for credit and collection purposes and agree to pay all costs, including attorneys fees incurred in enforcement of this guaranty. This guaranty is a material part of the consideration for and inducement to LESSOR to make this Lease.

| X | X |
|---|---|
| | |

**15. ACCEPTANCE.** Except as is specifically provided in this lease this instrument is not binding upon the LESSOR until it has been fully executed and delivered by the LESSEE and Guarantor(s), and all payments intended as prepaid rentals will be held in escrow by LESSOR until acceptance, or rejection, by LESSOR. No officer or employee of the LESSOR is authorized to waive, modify, or add to any of the provisions hereof, except in writing. NO REPRESENTATIONS MADE BY ANYONE OTHER THAN AN AUTHORIZED OFFICER OF LESSOR, IN WRITING, ARE BINDING ON LESSOR. This agreement shall be deemed to have been made in the State of Vermont, regardless of the order in which the signatures of the parties shall be affixed hereto, and shall be interpreted, and the rights and liabilities of the parties here determined, in accordance with the laws of the State of Vermont. LESSOR may elect to accept a facsimile copy of the lease in lieu of the original. All LESSEE'S and guarantors agree that in such event the facsimile shall be considered to be as binding as any original.

Date Accepted (at Burlington, Vermont) 2/4/10  NS Leasing, LLC. LESSOR, By

Page 4 of 4

*initial pymt*
*in 2000*

*L# 35381*

# North Star Leasing

P.O. Box 4505
Burlington, VT 05406
Phone: 1-800-874-4747 Fax: 802-658-9724

## PURCHASE ORDER

**Purchase Order #:DM12110SF**
**Date Of Approval: 1.14.10**
**Date of Purchase Order: 1.21.10**

| VENDOR: DYNAPOWER CORP. |
|---|
| ATTN:  JASON |
| PHONE:  802-652-1300 *652-1358 Jason* |
| FAX:  802-864-3782 |

| SHIP TO :  SCOVILL FASTENERS, INC. |
|---|
| CONTACT: BOB  *cell# 706-491-1693* |
| ADDRESS:  1802 SCOVILL DR. |
| CITY/STATE/ZIP: CLARKESVILLE, GA 30523 |
| Tele  706-754-1000 |

| QTY | Description | Unit Price | Total |
|---|---|---|---|
|  | 2 SCRW430C012  DYNAPOWER  RECTIFIERS-WATER COOLED<br><br>**AS PER QUOTATION DATED 1.14.20**<br><br>**INCLUDING FREIGHT** |  |  |
|  |  | **Amount Due** | 25322.00 |

### Notes/Remarks

**We will need an invoice to North Star Leasing Co. and shipped to receiver listed above with SN#**

Please accept this purchase order as authorization for delivery of equipment to the customer listed below. North Star Leasing has accepted signed contracts today and will issue payment upon satisfactory completion of delivery and installation.

This purchase order will be paid ONLY when all equipment is verified as delivered and our mutual customer is satisfied, and is willing to authorize this payment to you, the vendor.  This purchase order is good for only 30 days from the date of this purchase order

*Thank You*
*Debbie*

01/18/2010 19:16 FAX                    SCOVILL H/R                                      ☒005



# DELIVERY/INSTALLATION
## AGREEMENT & RECEIPT

P.O. Box 4505
Burlington, VT 05406-4505
Phone: (802) 862-6084
Fax: (802) 658-9724
www.northstarleasing.com
info@northstarleasing.com

**Lease Number:** _35381_

*1/29/10*
*Ver. Read*
*del. w/t*
*Bob*

Date: _Jan 18 2010_

Lessee's Address:  1802 Scovill Dr. Clarkesville, GA  30523

To:  North Star Leasing Company

1.  We hereby acknowledge complete and satisfactory delivery/installation of the equipment,
    described in the above referenced lease, which we selected from the supplier referenced
    below. We understand that based upon the representations made by us herein you are
    about to pay the supplier for the equipment.

2.  We understand that no servicing of the equipment, of any kind, is provided by you. We
    understand that we are to look to the supplier for any claims, servicing, or warranties, if
    any, and we specifically and unconditionally waive any claims, present or future, against
    you. We fully recognize your right to enforce the lease free from any defenses, offsets, or
    counterclaims. We fully understand that lack of equipment, service, or mis-operation of
    any kind whatever, is no basis for non-fulfillment of our obligation under the lease, and
    that there are no purchase no renewal options whatever.

3.  WE UNDERSTAND THAT YOU MAKE NO WARRANTIES OF
    MERCHANTABILITY, OR OF ANY OTHER KIND, EXPRESS OR IMPLIED, AND
    THAT ANY WARRANTIES MADE BY THE SUPPLIER TO YOU ARE ASSIGNED
    TO US.

4.  We also understand that, despite the disclaimers herein, we are not precluded from
    enforcing any claim we may have against the supplier and that you have no connection
    whatever with the supplier other than the relationship of purchaser.

Lessee:  Scovill Fasteners, Inc.                    Witnessed By: _____

By Office or                                        Dynapower Corporation/ Rapid
Owner/Partner:: _____        By Supplier:  Power Corporation

*To be witnessed by the representative of the supplier delivering or installing the equipment.

*When it's for your business, chances are we can lease it.*

PAGE 1

CUST.PYMT.HIST.RPT
05/09/2011

NORTH STAR LEASING COMPANY
PAYMENT HISTORY REPORT
ALL PAYMENTS FROM    THROUGH MAY 9, 2011

CONTRACT NUMBER: 001-0035381-000    SCOVILL FASTENERS, INC.

| TRANSACTION | INVOICE # / CHECK # | DATE DUE / TIME POSTED | DATE RECEIVED / DATE POSTED | DESCRIPTION | AMOUNT RECEIVED | PAYMENT TYPE / GL CODE PAYMENT MEMO |
|---|---|---|---|---|---|---|
| 749914 | 0 | 01/30/2010 / 01/30/2010 / 15:05:54 | 01/29/2010 / 01/29/2010 | CURRENT / DOC FEE / SPEEDPAY CK.CHARGE / TOTAL RECEIVED | 2,620.83 / 200.00 / 70.52 / 2,891.35 | OVERRIDE |
| 754425 | 44399 | 02/28/2010 / 12:47:20 | 04/12/2010 / 04/12/2010 | CURRENT / TOTAL RECEIVED | 873.61 / 873.61 | STANDARD |
| 759319 | 45225 | 05/30/2010 / 12:18:50 | 05/28/2010 / 06/28/2010 | Past 1-30 / TOTAL RECEIVED | 873.61 / 873.61 | STANDARD |
| 757935 | 44960 | 03/30/2010 / 04/30/2010 / 14:02:48 | 06/07/2010 / 06/07/2010 | Past 61-90 / Past 31-60 / TOTAL RECEIVED | 873.61 / 873.61 / 1,747.22 | STANDARD |
| 760518 | 45378 | 06/30/2010 / 07/30/2010 / 08/30/2010 / 12:46:34 | 07/16/2010 / 07/16/2010 | Past 1-30 / CURRENT / FUTURE 31-60 / Late Charges / TOTAL RECEIVED | 873.61 / 873.61 / 655.21 / 218.40 / 2,620.83 | STANDARD |
| 770441 | | 06/30/2010 / 07/30/2010 / 08/30/2010 / 09:30:39 | 07/16/2010 / 12/14/2010 | Past 1-30 / CURRENT / FUTURE 31-60 / Late Charges / TOTAL RECEIVED | -873.61 / -873.61 / -655.21 / -218.40 / -2,620.83 | CORRECTING |
| 764609 | 46006 | 08/30/2010 / 09/30/2010 / 13:08:11 | 09/17/2010 / 09/30/2010 | Past 1-30 / CURRENT / Late Charges / TOTAL RECEIVED | 218.40 / 644.29 / 10.92 / 873.61 | OVERRIDE |
| 770443 | | 08/30/2010 / 09/30/2010 / 09:44:20 | 09/17/2010 / 12/14/2010 | Past 1-30 / CURRENT / Late Charges / TOTAL RECEIVED | -218.40 / -644.29 / -10.92 / -873.61 | CORRECTING |
| 766453 | 46308 | 09/30/2010 / 10/30/2010 / 12:44:29 | 10/15/2010 / 10/15/2010 | Past 1-30 / CURRENT / TOTAL RECEIVED | 229.32 / 644.29 / 873.61 | STANDARD |
| 770442 | 45378 | 06/30/2010 / 10/30/2010 / 09:30:40 | 12/14/2010 / 12/14/2010 | Past 91 + / Past 31-60 / TOTAL RECEIVED | 2,402.43 / 218.40 / 2,620.83 | STANDARD |

CUST.PYMT.HIST.RPT
05/09/2011

NORTH STAR LEASING COMPANY
PAYMENT HISTORY REPORT
ALL PAYMENTS FROM THROUGH MAY 9, 2011

PAGE  2

CONTRACT NUMBER: 001-0035381-000   SCOVILL FASTENERS,INC.

| TRANSACTION | INVOICE #<br>CHECK # | DATE DUE<br>TIME POSTED | DATE RECEIVED<br>DATE POSTED | DESCRIPTION | AMOUNT RECEIVED | PAYMENT TYPE<br>GL CODE<br>PAYMENT MEMO |
|---|---|---|---|---|---|---|
| 770444 |  | 08/30/2010 | 12/14/2010 | Past 91 + | 218.40 | STANDARD |
|  | 46006 | 09/30/2010 | 12/14/2010 | Past 61-90 | 644.29 |  |
|  |  | 10/30/2010<br>09:44:20 |  | Past 31-60<br>TOTAL RECEIVED | 10.92<br>873.61 |  |
| 771447 |  | 11/30/2010 | 12/30/2010 | Past 1-30 | 873.61 | STANDARD |
|  | 46865 | 11:55:02 | 12/30/2010 | TOTAL RECEIVED | 873.61 |  |
| 772529 |  | 12/30/2010 | 01/17/2011 | Past 1-30 | 873.61 | STANDARD |
|  | 47019 | 10:00:24 | 01/17/2011 | TOTAL RECEIVED | 873.61 |  |
| 774460 |  | 01/30/2011 | 02/14/2011 | Past 1-30 | 873.61 | STANDARD |
|  | 47264 | 02/28/2011<br>12:39:51 | 02/14/2011 | CURRENT<br>TOTAL RECEIVED | 873.61<br>1,747.22 |  |
| 775964 |  | 03/30/2011 | 03/08/2011 | CURRENT | 873.61 | STANDARD |
|  | 47563 | 13:34:49 | 03/08/2011 | TOTAL RECEIVED | 873.61 |  |
| 776683 |  |  | 03/16/2011 | CURRENT | 3,984.75 | STANDARD |
|  | 47697 |  | 03/16/2011 | Late Charges | 383.30 |  |
|  |  | 10:38:43 |  | TOTAL RECEIVED | 4,368.05 |  |

Contract Totals:

| | |
|---|---|
| Past 91 + | 2,620.83 |
| Past 61-90 | 1,517.90 |
| Past 31-60 | 1,976.54 |
| Past 1-30 | 3,723.76 |
| CURRENT | 8,997.09 |
| FUTURE 31-60 | 0.00 |
| Late Charges | 383.30 |
| DOC FEE | 200.00 |
| SPEEDPAY CK.CHARGE | 70.52 |
| TOTAL RECEIVED | 19,489.94 |

CUST.PYMT.HIST.RPT
05/09/2011

NORTH STAR LEASING COMPANY
PAYMENT HISTORY REPORT
ALL PAYMENTS FROM THROUGH MAY 9, 2011

PAGE   3

CONTRACT NUMBER: 001-0035381-000   SCOVILL FASTENERS, INC.

| TRANSACTION | INVOICE # | DATE DUE | DATE RECEIVED | DESCRIPTION | | PAYMENT TYPE |
| | CHECK # | TIME POSTED | DATE POSTED | | AMOUNT RECEIVED | GL CODE PAYMENT MEMO |
| ----------- | --------- | -------- | ------------- | ----------- | --------------- | ------------ |

Manual Contract Changes:

# EXHIBIT B
# [Proposed Order]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCOVILL FASTENERS INC., *et. al.*, | ) | Case No. 11-21650 (REB) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING DEBTORS' OBJECTION TO PROOF OF**
**CLAIM NO. 6 FILED BY NORTH STAR LEASING COMPANY**

Upon consideration of the above-captioned Debtors' Objection to Proof of Claim

No. 6 Filed by North Star Leasing Company (the "**Objection**"),[2] and the Court having

jurisdiction over these cases and proceedings pursuant to 28 U.S.C. §§ 157 and 1334; and

venue of these cases in this district being proper before this Court pursuant to 28 U.S.C.

---

[1]    The last four digits of the tax identification number for each of the Debtors follow in parenthesis: (i)
Scovill Fasteners, Inc. (9561); (ii) Scovill, Inc. (3634); (iii) PCI Group, Inc. (7672) and Rau Fastener
Company, L.L.C. (0883).   Scomex, Inc. does not have a taxpayer identification number.   The mailing
address of the Debtors is 1802 Scovill Drive, Clarkesville, GA 30523-6348.

[2]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the
Objection.

§§ 1408 and 1409; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the written responses to the Objection and the hearing upon the Objection, if applicable; and Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and due and proper notice of the Objection having been given, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is GRANTED.

2.      The North Star Claim is hereby disallowed, in full, as a 503(b)(9) claim.

3.      The Debtors, or their successors in interest, are authorized to object to the North Star Claim on further grounds at a later date.

4.      The Debtors' claims and noticing agent, BMC, is authorized to amend the claims register to comport with the entry of this Order.

5.      This Order shall be immediately effective and enforceable upon its entry.

6.      The Debtors or their agent are directed to serve a copy of this Order on the applicable notice parties.

7.      The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation or interpretation of this Order.


***   **END OF ORDER**   ***


Prepared and presented by:

ALSTON & BIRD LLP
/s/ John C. Weitnauer
John C. Weitnauer (Bar No. 746550)
Heather Byrd Asher (Bar No. 139022)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Attorneys for Debtors*

## <u>CERTIFICATE OF SERVICE</u>

I, John C. Weitnauer, certify under penalty of perjury that I am over the age of 18 and that on June 24, 2011, I filed the *Debtors' Objection to Proof of Claim No. 6 Filed by North Star Leasing Company* with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Additionally, I hereby certify that on June 24, 2011, a copy of the foregoing was sent to BMC Group, Inc., the Official Claims and Noticing Agent for the Clerk of Court, who will serve the foregoing by U.S. First Class Mail, properly addressed and postage prepaid, on the persons or entities listed in the Debtors' master service list, the United States Trustee for the Northern District of Georgia, counsel to the Committee of Unsecured Creditors and the holder of the North Star Claim as listed on the proof of claim filed with BMC Group, Inc.  Upon completion, the claims agent will prepare and file a secondary certificate of service with the Clerk of Court.

ALSTON & BIRD LLP

/s/ John C. Weitnauer
John C. Weitnauer (GA. Bar No. 746550)
Heather Byrd Asher (GA. Bar No. 139022)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Attorneys for Debtors*