**IT IS ORDERED as set forth below:**

Date: October 31, 2011

_____
**Robert E. Brizendine
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CLARKESVILLE LIQUIDATION INC., | ) | |
| *et al.*, f/d/b/a Scovill Fasteners Inc. *et al.*,[1] | ) | Case No. 11-21650-reb |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER ESTABLISHING
DEADLINE AND PROCEDURES FOR FILING REQUESTS
FOR ALLOWANCE OF CHAPTER 11 ADMINISTRATIVE EXPENSES AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "**Motion**") of S. Gregory Hays, as Chapter 7 Trustee (the "Trustee") for Debtors Clarkesville Liquidation Inc., *et al.*, f/d/b/a Scovill Fasteners Inc. *et al.* (collectively, the "**Debtors**") for entry of an order establishing the deadline and procedures for filing requests for allowance of Chapter 11 administrative expenses and approving the form and manner of notice thereof, all as more fully described in the Motion; and

---

[1] The Debtors include Scovill Fasteners Inc., Rau Fastener Company, L.L.C., Scomex, Inc., PCI Group, Inc., and Scovill, Inc.

the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no further notice need be provided; and the relief requested being in the best interest of the Debtors and their estates and creditors; and the Court having reviewed the Motion and considered all matters of record herein; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

    IT IS HEREBY ORDERED that:

    1.    The Motion be, and hereby is, GRANTED as set forth herein.

    2.    Pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a chapter 11 administrative claim or expense against the Debtors that arose on or after April 19, 2011 but before July 12, 2011, shall file an original, written administrative expense form which substantially conforms to **Exhibit A** attached to the Motion (the "**Request Form**"), so as to be received on or before 4:30 p.m. prevailing Eastern Time on December 2, 2011 (the "**Bar Date**").

    3.    The following procedures for the filing of Chapter 11 administrative expense requests shall apply:

        a.    Chapter 11 administrative expense requests must conform substantially with the Administrative Expense Form;

        b.    Chapter 11 administrative expense requests must be delivered to the Clerk of the Court

  c. Chapter 11 administrative expense requests will be deemed timely filed only if actually received by the Clerk of the Court on or before 4:30 p.m. on the Bar Date;

  d. Chapter 11 administrative expense requests must (i) be signed by the individual to whom service of any papers relating to such claim shall be directed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful currency of the United States;

  e. the Clerk of the Court shall not accept Chapter 11 administrative expense requests sent by facsimile, telecopy or electronic mail; and

  f. Chapter 11 administrative expense requests must specify, by name, the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim must be filed with respect to each Debtor;

4. The following persons or entities are **not** required to file a Chapter 11 administrative expense requests on or before the Bar Date:

  a. any holder of a Chapter 11 Administrative Claim that has heretofore been allowed by order of this Court;

  b. any person or entity whose claim has already been paid by the Debtors or the Trustee;

  c. any professional who has previously had its fees and expenses allowed by this Court.

5. The Notice, as outlined in and attached to the Motion (and with the modification of the Bar Date as set forth in this Order), constitutes proper, adequate, and sufficient notice of all proceedings and deadlines in connection therewith.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement and/or interpretation of this Order.

*** END OF DOCUMENT ***

Prepared and presented by:

GREENBERG TRAURIG, LLP

/s/ John D. Elrod
David B. Kurzweil
Georgia Bar No. 430492
John D. Elrod
Georgia Bar No. 246604
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327
Telephone:    678.553.2100
Facsimile:    678.553.2188

**DISTRIBUTION LIST**

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
3343 Peachtree Road, NE, Suite 200
Atlanta, GA 30326

John D. Elrod
Greenberg Traurig, LLP
3290 Northside Parkway, NW, Suite 400
Atlanta, Georgia 30327